[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-13137

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PALLIS WEAVER,
a.k.a. Red,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:10-cr-00022-RH-WCS-1

————————————

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Pallis Weaver appeals the district court's order denying his renewed motion for a sentence reduction under section 404 of the First Step Act.  The government has moved for summary affirmance because Weaver was sentenced under—and already received the benefit of—the Fair Sentencing Act so he was not entitled to First Step Act relief.  Because the government is clearly right as a matter of law, we grant the summary affirmance motion and affirm the district court's order.[1]

I

In 2010, Weaver pleaded guilty to:  (1) conspiring to distribute and possess with the intent to distribute more than five kilograms of powder cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. sections 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846 (count one); (2) distributing crack cocaine, in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(C) (count four); and (3) possessing with the intent to distribute powder cocaine and more than five grams of crack cocaine, in violation of 21 U.S.C. sections 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C) (count five).  The plea agreement explained that Weaver faced a statutory mandatory term of life imprisonment for count one, a maximum

---

[1] We also **GRANT** Weaver's motion to file a supplemental brief.

term of thirty years' imprisonment for count four, and a mandatory minimum term of ten years' imprisonment and a maximum of life imprisonment for count five.

The probation office prepared a presentence report. The presentence report noted that the Fair Sentencing Act applied to Weaver and the Act's changes to the maximum and minimum sentences and the guideline ranges were reflected in the report. Still, even with the changes in the Fair Sentencing Act, Weaver's guideline range was life imprisonment. Weaver didn't object to the presentence report.

The district court adopted the presentence report's guideline calculation and sentenced Weaver to life imprisonment on count one and thirty years' imprisonment on counts four and five, all to run concurrently with each other. In its statement of reasons, the district court explained that it adopted the presentence report in full and sentenced Weaver to the statutory mandatory minimum term of life imprisonment. Weaver didn't appeal.

But, in 2019, he moved for a sentence reduction under the First Step Act, arguing that he was "eligible for the Fair Sentencing Act 2010 crack cocaine sentencing reforms." The district court denied Weaver's motion partly because he had already been sentenced under the Fair Sentencing Act. The First Step Act, the district court determined, didn't authorize a further reduction because Weaver had not been sentenced based on pre-Fair Sentencing Act drug quantities.

In 2021, Weaver filed another motion to reduce his sentence under the First Step Act, arguing that he deserved a sentence reduction because he wouldn't face a mandatory minimum life sentence if sentenced today, he rehabilitated himself in prison, and he didn't pose a danger to the community. The district court denied the renewed motion because, again, "Weaver was sentenced 'as if' the Fair Sentencing Act's drug-quantity changes were in effect when he committed the offenses" and because count one involved enough powder cocaine to require a life sentence "without regard to any crack involved in the offense."

## II

"We review de novo . . . whether a district court had the authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020) (emphasis and citation omitted). Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

## III

Weaver raises three arguments on appeal.[2] First, he contends that the district court didn't explain why it wouldn't reduce

---

[2] Weaver lists six arguments in the "summary of the argument" section of his brief. But he forfeits the arguments that he doesn't support in the rest of the brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (explaining that an appellant forfeits "a claim or issue . . . when the

21-13137                Opinion of the Court                5

his sentence and thus didn't show it understood it had the authority to reduce his sentence.  The district court should have reduced Weaver's sentence, he claims, because "he is not already serving the lowest statutory penalty that would have been available to him."  Weaver notes that he wouldn't face a mandatory sentence of life imprisonment if sentenced under the current version of the First Step Act.  Second, Weaver argues that the district court didn't consider the relevant factors under 18 U.S.C. section 3553(a), including that in denying his motion, the district court created an unwarranted disparity between his sentence and the sentences of "similarly situated offenders today."  Third, Weaver maintains that the district court erred in failing to provide an "individualized explanation" for why his postsentence rehabilitation efforts didn't merit a reduced sentence.  He asserts that the First Step Act and the section 3553(a) sentencing factors now allow a district court to reduce a sentence based on rehabilitation.

The government moves for summary affirmance because "the district court properly denied Weaver a sentence reduction under the First Step Act."  "[T]he district court sentenced Weaver as if the Fair Sentence Act was in effect when his offense was committed," and "the First Step Act's 'as if' requirement precluded a

---

passing references to it are made in the . . . 'summary of the argument'").  "While we read briefs filed by pro se litigants liberally," a pro se litigant still forfeits "issues not briefed on appeal."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (emphasis omitted).

6                          Opinion of the Court                    21-13137

sentence reduction." The government is clearly right as a matter of law.[3]

"[T]he First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). "The First Step Act permits a district court that imposed a sentence for a covered offense to impose a reduced sentence as if sections [two] and [three] of the Fair Sentencing Act were in effect at the time the covered offense was committed." *Id.* (cleaned up). But a "district court may not entertain a motion from a defendant who already benefitted from the Fair Sentencing Act by having his sentence imposed or reduced in accordance with sections two or three of the Fair Sentencing Act." *Id.* (quotations omitted). Because Weaver already benefitted from the Act when the district court imposed his sentence, the district court lacked the authority to reduce his sentence further. *See id.*

Although "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act,"

---

[3] The government also argues for summary affirmance because Weaver's motion was barred as second or successive. Weaver, in his supplemental brief, responds that we shouldn't decide whether his 2021 motion was second or successive. Because the government is clearly right that Weaver is not entitled to First Step Act relief because he was already sentenced under the Fair Sentencing Act, we don't have to decide whether his motion was a second or successive one. So we don't.

*Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022), the district court had no discretion to reduce Weaver's sentence because Weaver had already been sentenced as if the Fair Sentencing Act were in effect. *See id.* at 2401–02 ("A district court may not consider a First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act . . . ."). The district court showed it understood it lacked the authority to reduce Weaver's sentence when, in denying his motion, it explained that "Weaver was sentenced 'as if' the Fair Sentencing Act's drug-quantity changes were in effect when he committed the offenses." Because the district court lacked the authority to reduce Weaver's sentence, it didn't have to consider the section 3553(a) factors or Weaver's rehabilitation.

And because the government is clearly right as a matter of law that Weaver was not entitled to a sentence reduction under section 404 of the First Step Act, we **GRANT** its motion for summary affirmance and **AFFIRM** the district court's order denying Weaver's motion for a sentence reduction.[4]

---

[4] We **DENY** as moot the government's motion to stay the briefing schedule.